UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, : | |
| Plaintiff, : | |
| v. : | No. 5:20-cv-03888 |
| POOLS BY SNYDER, LLC, JEFFREY SNYDER, and ANTHONY LABBADIA, : | |
| Defendants. : | |

**O P I N I O N**
**Motion for Entry of Default Judgment, ECF No. 21 – Granted**

**Joseph F. Leeson, Jr.**                                                                                       **June 10, 2021**
**United States District Judge**

I.   **INTRODUCTION**

This matter arises from an underlying state court action by homeowner Anthony Labbadia, regarding the construction of a swimming pool at his residence. Labbadia filed suit against Pools by Snyder, LLC ("Pools") and its owner, Jeffrey Snyder ("Snyder"), in the Northampton County Court of Common Pleas, alleging that faulty workmanship in the construction of the pool caused Labbadia financial injury. Pools tendered its defense of the Labbadia suit to Acuity, the insurer for its Commercial General Liability ("CGL") policy. During the pendency of the underlying state action, Acuity filed the instant case before this Court, seeking a declaration that Acuity has no duty to defend or indemnify Pools and Snyder in the Labbadia lawsuit. None of the Defendants in this matter have appeared or otherwise responded to any filings in the instant action. On May 12, 2021, this Court entered default

judgment against Pools.  On May 21, 2021, Acuity voluntarily dismissed Labbadia as a party to this action.

Now before this Court is Acuity's motion for entry of default judgment against Snyder, the only remaining Defendant.  For the reasons set forth below, the motion is granted.

**II.     BACKGROUND**

On February 25, 2020, Labbadia filed suit against Pools and Snyder in the Northampton County Court of Common Pleas.  *See* Compl. ¶ 13, ECF No. 1.  Labbadia filed an amended complaint on June 16, 2020.  *See id.* at ¶ 14.  Therein, Labbadia alleges that he contracted with Pools to have an inground swimming pool constructed on his property.  *See id.* at ¶ 16.  After the completion of the installation, Labbadia began to notice "issues" with the pool.  *See id.* Specifically, Labbadia alleges that Pools failed to properly compact the stone base before continuing construction, which led to "bubbling, liner problems and collapse" of the subject pool.  *See id.*  Accordingly, Labbadia seeks damages from Pools and Snyder.  *See id.*

Pools is the named insured on an insurance policy issued by Acuity.  *See id.* at ¶ 11.  In light of the insurance policy, Pools tendered its defense of the Labbadia suit to Acuity.  *See id.* at ¶ 17.  In response, Acuity assigned an attorney to defend Pools in the Labbadia suit.  *See id.* at ¶ 18.

On August 10, 2020, Acuity filed the present action before this Court, naming Pools, Snyder, and Labbadia as Defendants.  *See id.*  In its Complaint, Acuity asserts that the facts in Labbadia's amended complaint do not trigger coverage under the terms of the CGL policy through which Pools is insured.  *See id.* at ¶ 19.  Accordingly, Acuity seeks relief in the form of a declaration that it does not have a duty to defend or indemnify Pools and Snyder in the underlying state action.  *See id.* 11-12.  Labbadia was served with process on September 24,

2020.  *See* ECF No. 5.  Receiving no response to the Complaint, on October 28, 2020, Acuity requested the Clerk enter default as to Labbadia, and the Clerk entered default that same day. *See* ECF No. 8.  Acuity served the request for default on Labbadia by first-class mail, and Labbadia did not respond.  *See id.*

On November 5, 2020, Acuity sought leave to serve Pools and Snyder by alternative process.  *See* ECF No. 9.  On November 9, 2020, this Court granted Acuity such leave, *see* ECF No. 10, and on November 20, 2020, Acuity filed proof of service on Pools and Snyder by Federal Express, first-class mail, and posting, *see* ECF Nos. 11, 12.

On December 15, 2021, Acuity requested entry of default against Snyder and Pools.  *See* ECF Nos. 14, 15.  The Clerk of Court entered default that same day.  Acuity served the requests on Pools and Snyder by first-class mail.  *See id.*  Receiving no response, Acuity filed a Motion for Entry of Default Judgment against all Defendants.  *See* ECF No. 17.  Acuity served the motion on all Defendants by first-class mail, and none of the Defendants responded.  *See id.*

This Court entered default judgment against Pools, only, in an Opinion and Order dated May 12, 2021.  *See* Op., ECF No. 19.  In that same Opinion, this Court denied entry of default judgment against Snyder and Labbadia.  *See id.*  On May 21, 2021, Acuity noticed voluntary dismissal of Labbadia.  *See* ECF No. 22.  That same day, Acuity filed its second Motion for Entry of Default Judgment against Jeffrey Snyder.  *See* Mot., ECF No. 21.

### III.  LEGAL STANDARDS

#### A.  Declaratory Judgment – An Insurer's Duty to Defend and Indemnify

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)).  In light of the underlying state suit, this Court has jurisdiction to consider whether the insurer has a duty to defend, and it will exercise that jurisdiction.

While the question of whether an insurer has a duty to indemnify is generally "not ripe for adjudication until the insured is in fact held liable in the underlying suit," *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. 13-2961, 2013 U.S. Dist. LEXIS 176592, at *19-20 (E.D. Pa. Dec. 16, 2013) (citing *Heffernan & Co. v. Hartford Ins. Co.*, 614 A.2d 295, 298 (Pa. Super. 1992)), because a duty to indemnify cannot exist without a duty to defend, if the Court concludes that an insurer has no duty to defend, it must necessarily hold that there is no duty to indemnify either, *see Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999); *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012) (holding that because the insurer had no duty to defend, it necessarily had no duty to indemnify, and was therefore entitled to a declaratory judgment on the indemnification count as well).

  **B.**  **Default Judgment – Legal Standards**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court.  *See* FED. R. CIV. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  To obtain a default judgment, the plaintiff must "file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit. . . ."  *See* 50 U.S.C. § 3931(b)(1).  This affidavit, required by the Servicemembers Civil Relief Act, "is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met."  *See*

*Coss v. Clemente,* No. 3:10-1479, 2011 U.S. Dist. LEXIS 71891, at *3-4 (M.D. Pa. June 9, 2011) (internal quotations omitted).

Additionally, a plaintiff seeking default judgment must submit "an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult . . . ." *See FirstBank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (collecting cases). "Assuming that the other requirements for entry of default judgment contained in Rule 55 have been met," an affidavit of this sort is "routinely treated as sufficient evidence for the court to enter default judgment against [a] defendant." *See id.*

"Three factors control whether a default judgment should be granted":

"(1) prejudice to the plaintiff if default is denied,"

"(2) whether the defendant appears to have a litigable defense,"

"(3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

### C.  Law Governing the Duty to Defend in Pennsylvania

In the Commonwealth of Pennsylvania, an insurance company's obligation to defend an insured is analyzed under a two-part framework. *See Simon Wrecking Co. v. AIU Ins. Co.*, 350 F. Supp. 2d 624, 640 (E.D. Pa. 2004). The court is first required to ascertain the scope of the policy's coverage. *See id.* Following that determination, "the court must examine the complaint in the underlying action to ascertain if it triggers coverage." *See id.* (citing *Gen. Acc. Ins. Co. of*

*Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997)). "An insurer's duty to defend is triggered if the factual allegations in the complaint, taken as true, 'would support a recovery that is covered by the policy.'" *USAA Gen. Indem. Co. v. Floyd*, No. 19-03820, 2019 U.S. Dist. LEXIS 203893, at *6 (E.D. Pa. Nov. 25, 2019) (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)).

## IV.   DISCUSSION

Acuity seeks entry of default judgment against individual Defendant Jeffrey Snyder. As a threshold matter, Acuity has complied with the procedural requirements of Rule 55. After unsuccessful efforts to personally serve Snyder, Acuity served Snyder pursuant to this Court's Order dated November 9, 2020. *See* ECF No. 11. Moreover, Acuity attaches an affidavit to the present motion that avers Snyder is not engaged in active military service and is otherwise a competent adult against whom default judgment may be entered. *See* Mot. at Ex. 1, ECF No. 21-2. Accordingly, this Court turns to an analysis of the factors that govern entry of default judgment.

### 1.   Prejudice to Acuity

The first factor to weigh is the prejudice to Acuity if default judgment is denied. This factor balances in favor of granting default judgment. Acuity has paid for the cost of defending Snyder in the underlying state action, and it will continue to pay the cost to defend Snyder if default judgment is not entered.

### 2.   Whether Snyder Has a Litigable Defense

The second factor to balance is whether Snyder has a litigable defense available to him. The second factor also weighs in favor of entering default judgment. As an initial matter, the policy at issue names Pools by Snyder LLC as the first named insured. *See, e.g.*, Compl. Ex. 1 at

10, 12, 62 ("Policy"), ECF No. 1-4.  Moreover, the policy indicates, at multiple junctures, that there are no "additional named insureds."  *See, e.g., id.* 13, 64.  Because Snyder is not the first named insured or an additional named insured on the CGL Policy, it is unlikely that Acuity would have any duty to defend Snyder.  Accordingly, it is unlikely that Snyder has any litigable defense to the present suit.

Notwithstanding, even assuming *arguendo* that Snyder is insured by the policy, he still lacks a litigable defense.  As this Court fully explained in its Opinion dated May 12, 2021, the allegations in Labbadia's amended complaint do not trigger Acuity's duty to defend under the policy.  This Court found that,

> [u]nder the terms of the CGL policy and their well-established meaning, Acuity's duty to defend is not triggered by the allegations in Labbadia's amended complaint in the underlying state action.  Labbadia's amended complaint squarely alleges that the cause of the injury was faulty workmanship, disclaiming that external forces caused the injury.  Under the widely accepted interpretation of the term "occurrence" as it is used in this CGL policy, faulty workmanship does not qualify as a coverage-triggering occurrence.

*See* Op. 5/12/21 at 9.

Accordingly, because the allegations in Labbadia's amended complaint do not trigger a duty to defend, it is highly unlikely that Snyder has any litigable defense to the present suit.

### 3. Whether the Delay Is Due to Culpable Conduct

The third and final factor balances neutrally.  Although Snyder could not be personally served despite multiple efforts, Acuity effectuated service of the Complaint by alternative process.  Moreover, Snyder was served a copy of Acuity's request for default, first request for default judgment, and second request for default judgment by first-class mail.  Snyder did not respond to any of those filings.

When a court lacks information as to why a defendant has failed to respond, this factor is typically weighed neutrally.  *See, e.g.*, *Great Am. E&S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 441-42 (E.D. Pa. 2011) (concluding that because the court had no information related to the motivations of the defendants in failing to appear and defend, the delay could not be deemed willful and in bad faith, rendering the third factor of the default judgment analysis "at most a neutral factor").  Here, this Court is without information as to why Snyder has not responded to the Complaint or any subsequent filing.  Accordingly, this Court weighs the final factor naturally.

**V.     CONCLUSION**

Having considered the factors for granting default judgment, this Court concludes that default judgment is appropriate against Snyder.  Accordingly, default judgment is entered in favor of Acuity against Snyder.  Acuity does not have a duty to defend or indemnify Snyder in the underlying state court action: *Labbadia v. Pools by Snyder LLC*, No. C-48-CV-2020-1707 (Northampton Cty. Ct. Com. Pl.).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge